IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID GONZALEZ-GARCIA, | |
| Petitioner, | 8:23CV157 |
| vs. | |
| ROB JEFFREYS, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on a Petition for Writ of Habeas Corpus filed by David Gonzalez-Garcia ("Petitioner"). Filing No. 1. For the reasons that follow, Petitioner's habeas petition is denied and dismissed with prejudice.

## I. CLAIM

As summarized by this Court, Petitioner asserts the following single claim in his Petition which this Court determined was potentially cognizable:

Claim One:   Appellate counsel was ineffective for not assigning error to trial counsel's failure to strike a juror on the grounds she was not a resident of Douglas County.

Filing No. 7 at 1–2 (citing Filing No. 1 at 6).

## II. BACKGROUND

On November 22, 2019, in the District Court of Douglas County, Nebraska, Petitioner was convicted of first-degree sexual assault of a child. Filing No. 11-12 at 100–

01.  On January 10, 2020, the state district court sentenced Petitioner to 60 to 80 years' imprisonment with credit for 421 days served.  *Id.* at 104–05.

Petitioner, with new counsel, filed a direct appeal alleging that the state district court erred in admitting several exhibits into evidence, that the evidence was insufficient to support his conviction, and that the sentence imposed was excessive.  Filing No. 11-3.  On November 24, 2020, the Nebraska Court of Appeals rejected his claims and affirmed Petitioner's conviction and sentence but remanded to the trial court with directions to modify the written sentencing order to reflect the oral pronouncement of sentence.  *Id.*  Petitioner did not petition the Nebraska Supreme Court for further review.  Filing No. 11-1 at 4.

On August 27, 2021, Petitioner filed a motion for postconviction relief in the state district court (the "PCM") alleging appellate counsel was ineffective for failing to assign the following errors of trial counsel: (1) failure to strike a juror on the ground that she was not a resident of Douglas County; (2) error in stipulating that law enforcement maintained a continuous chain of custody regarding DNA evidence; and (3) failure to object to DNA evidence based upon the State's failure to maintain a complete and continuous chain of custody.  Filing No. 11-14 at 2–13.  On January 24, 2022, the state district court entered a written order denying postconviction relief without an evidentiary hearing.  *Id*. at 15–20.

Petitioner appealed and on January 3, 2023, the Nebraska Court of Appeals affirmed the lower court's judgment without an evidentiary hearing.  Filing No. 11-4.  Petitioner also filed a Petition for further review which was denied by the Nebraska Supreme Court on February 27, 2023.  Filing No. 11-2 at 4.  The mandate was issued on March 13, 2023.  *Id.*

Petitioner then filed the instant habeas petition on April 20, 2023, setting forth a sole claim of error as previously noted. Filing No. 1. Respondent filed the state court records, Filing No. 11, an answer, Filing No. 12, and a brief in support, Filing No. 13. Petitioner did not file a reply and the deadline to do so has long passed.

### III. OVERVIEW OF APPLICABLE LAW

Three strands of federal habeas law intertwine in this case. They are (1) exhaustion and procedural default; (2) the deference that is owed to the state courts when a federal court reviews the factual or legal conclusions set forth in an opinion of a state court; and (3) the standard for evaluating a claim of ineffective assistance of counsel. The Court elaborates upon those concepts next so that it may apply them later in a summary fashion as it reviews Petitioner's claims.

**A. Exhaustion and Procedural Default**

As set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (B)(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those

> claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

A state prisoner must therefore present the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented to the trial court, and then in an appeal to either the Nebraska Supreme Court directly[1] or to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, 410 F.3d 451, 454-55 (8th Cir. 2005).

"In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." Carney v. Fabian, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal citation and quotation omitted). Although the language need not be identical, "[p]resenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir. 1999). In contrast, "[a] claim has been fairly presented when a petitioner has properly raised the 'same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition." Wemark v. Iowa, 322 F.3d 1018, 1021 (8th Cir. 2003) (citation omitted).

---

[1] Where a life sentence has been imposed in a criminal case, the appeal goes directly to the Nebraska Supreme Court. Neb. Rev. Stat. § 24-1106.

4

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

To be precise, a federal habeas court may not review federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A credible showing of actual innocence may also allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief, *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013), but to do so a petitioner "must show that in light of all the evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt,'" *Jennings v. United States*, 696 F.3d 759, 764-65 (8th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 327, (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

**B. Deferential Standard Under 28 U.S.C. § 2254(d)**

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the

facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 405-06. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As the Supreme Court noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.*

6

However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court. See Brown v. Luebbers, 371 F.3d 458, 460 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA [Antiterrorism and Effective Death Penalty Act] standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court."). The Eighth Circuit clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. Accordingly, the postconviction trial court's discussion of counsel's performance—combined with its express determination that the ineffective-assistance claim as a whole lacked merit—plainly suffices as an adjudication on the merits under AEDPA.

Worthington v. Roper, 631 F.3d 487, 496-97 (8th Cir. 2011) (internal quotation marks and citations omitted).

The court also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." Id. at 497. A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." Id.

**C. The Especially Deferential *Strickland* Standard**

When a petitioner asserts an ineffective assistance of counsel claim, the two-pronged standard of Strickland v. Washington, 466 U.S. 668 (1984), must be applied. The standard is very hard for offenders to satisfy.

*Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the

7

petitioner's defense. *Id.* at 687. The first prong of the *Strickland* test requires that the petitioner demonstrate that his attorney failed to provide reasonably effective assistance. *Id.* at 687-88. In conducting such a review, the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

The second prong requires the petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" in a later habeas corpus action. *Id.* at 690.

Additionally, the Supreme Court has emphasized that the deference due the state courts applies with special vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111 (2009). In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and "leeway," which presents a "substantially higher threshold" for a federal habeas petitioner to overcome. As stated in *Knowles*:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Id.* at 123 (internal quotation marks and citations omitted).

### IV. DISCUSSION

In Petitioner's sole habeas claim he alleges a claim that appellate counsel was ineffective for failing to raise an ineffective assistance of trial counsel claim for trial

counsel's failure to strike a juror on the grounds that the juror was not a resident of Douglas County. Filing No. 1 at 24. Respondent contends that Petitioner's claim is outside the scope of this Court's review as procedurally defaulted under the independent and adequate state law grounds doctrine or, alternatively, that if the claim were considered on the merits Petitioner failed to show that he was actually prejudiced by this juror remaining on his jury, and thus, he is not entitled to relief. Filing No. 13 at 17–18.

In his PCM Petitioner argued that his trial counsel was ineffective for failing to strike a prospective juror when she revealed that she resided in Sarpy County but was registered to vote at her parents' house in Douglas County, resulting in her being summoned to serve in Douglas County. Filing No. 11-8 at 12–13. Specifically, Petitioner argued that the prospective juror did not meet the constitutional requirements for service on his jury and therefore should have been stricken, and that this juror's inclusion on his jury deprived him of "the right and privilege to a trial by a jury of the county where the crime was committed." *Id.* at 13.

This issue was addressed and rejected by the Nebraska Court of Appeals due to Petitioner's failure to establish prejudice resulting from his trial counsel's alleged error. Specifically, the state appellate court upheld the denial of Petitioner's PCM without an evidentiary hearing, finding that Petitioner submitted only conclusory statements and wholly failed to allege how striking the juror would have changed the outcome of his trial as required by *Strickland*. Filing No. 11-4 at 4–6. Additionally, the Court also found that Petitioner's allegations were conclusory in nature, failing to meet his burden of proof for establishing juror misconduct. *Id.* As a result, the state appellate court found that "the

9

district court did not err in finding [Petitioner's] pleading was not sufficient to grant him and [sic] evidentiary hearing." *Id* at 6.

Generally, if "the state appellate court declined to address [the claim or claims at issue] because the petitioner failed to meet a state procedural requirement constituting an 'independent and adequate state ground,'" federal habeas courts may not consider the claim even if otherwise reviewable. *Crawford v. Minnesota*, 498 F.3d 851, 854 (8th Cir. 2007) (quoting *Coleman v. Thompson,* 501 U.S. 722, 730 (1991)). The denial of an evidentiary hearing on a claim brought pursuant to the Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 *et seq.* (the "Postconviction Act"), has been found to be an independent and adequate state law precluding review of a Petitioner's claims in this Court. *See e.g. Simpson v. Jeffrys*, No. 8:23CV260, 2024 WL 4349498, at *8 (D. Neb. Sept. 30, 2024). However, as acknowledged by Respondent, the denial of an evidentiary hearing under the Postconviction Act alone does not automatically invoke the independent and adequate state law doctrine. *See* Filing No. 13 at 18.

To apply the independent and adequate state ground doctrine, the procedural bar must be "adequate" in that the state court must explicitly rely on the procedural ground to deny petitioner relief, *see Ylst v. Nunnemaker,* 501 U.S. 797 (1991); *Harris v. Reed,* 489 U.S. 255, 259 (1989), and, it must be "independent" of federal law. The United States Supreme Court explained that independence does not exist where a state has made application of the procedural bar depend on an "antecedent ruling on federal law." *Ake v. Oklahoma,* 470 U.S. 68, 75 (1985). That is, where the procedural bar depends "on the determination of whether federal constitutional error has been committed," such a rule is not independent. *Id.*; *see also Stewart v. Smith*, 536 U.S. 856, 860 (2002) (If a state

10

court's decision rests "primarily on a ruling on the merits" of the federal law at issue, "its decision would not be independent of federal law."); *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000) (explaining that a state law ground is interwoven if "the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.") (quoting *Ake*, 470 U.S. at 75); *La Crosse v. Kernan*, 244 F.3d 702, 705–07 (9th Cir. 2001) (state law "fundamental constitutional error" exception for procedural bars necessarily requires an antecedent ruling; state procedural bar is therefore not "independent" of federal law); *Brecheen v. Reynolds*, 41 F.3d 1343, 1354 (10th Cir. 1994) (state court's application of procedural bar that depended on an antecedent ruling on federal law, namely, on whether federal constitutional error had been committed, was not independent of federal law).

Petitioner's ineffective assistance of counsel claim came before the state courts in a postconviction motion pursuant to the Postconviction Act. *See* Filing No. 11-4 at 3. Section 29-3001 of the Postconviction Act provides in relevant part:

> (1) A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States, may file a verified motion, in the court which imposed such sentence, stating the grounds relied upon and asking the court to vacate or set aside the sentence.
>
> (2) Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the county attorney, grant a prompt hearing thereon, and determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States, the court shall vacate and set aside the

>   judgment and shall discharge the prisoner or resentence the prisoner or grant a new trial as may appear appropriate. . . .

Neb. Rev. Stat. § 29-3001.

The Nebraska Supreme Court recently described the process for obtaining postconviction relief under the Postconviction Act in *State v. Britt*, 310 Neb. 69, 75–76, 963 N.W.2d 533, 539 (2021), when addressing a motion claiming ineffective assistance of counsel. First, the state trial court reviews the defendant's claim or claims to determine if they contain "factual allegations which, if proved, constitute an infringement of the defendant's rights under the U.S. or Nebraska Constitution." *Id.* at 76. If so, an evidentiary hearing *must* be granted to "resolve the claims." *Id.* If, on the other hand, when the state court finds a defendant alleges "only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief," the court is not required to grant an evidentiary hearing. *Id.* Finally, on appeal, "[w]hen a district court denies postconviction relief without conducting an evidentiary hearing, an appellate court must determine whether the petitioner has alleged facts that would support the claim and, if so, whether the files and records affirmatively show that he or she is entitled to no relief." *Id.*

As is made clear by the court in *Britt*, upon review of a trial court's denial of a motion alleging a Sixth Amendment ineffective assistance of counsel claim brought under the Postconviction Act where an evidentiary hearing was not granted, the state appellate court reviews the allegations made by a petitioner de novo and must determine that a defendant is not entitled to relief. *Id.* at 75. In the case of ineffective assistance of counsel claims brought postconviction, the reviewing appellate court applies the facts as asserted by a defendant to the legal standard set forth in *Strickland* to determine if the facts as

alleged establish a federal constitutional claim. *Id.* at 75–76. Then, if the claims as alleged *do* meet the standard, the court performs a review of the record to determine whether the record *affirmatively* establishes the movant is *not* entitled to relief on the merits despite the alleged claims. *Id.*

To the extent Respondent contends Petitioner's claim is outside the scope of this Court's review as procedurally defaulted under the independent and adequate state law grounds doctrine, this Court declines to make such a finding. Here, the state appellate court relied on federal law, as set forth in *Strickland*, to determine that Petitioner's conclusory statements had failed to establish prejudice. *See* Filing No. 11-4 at 4. While it does not appear that the state appellate court's reliance on *Strickland* in order to reach a conclusion that Petitioner's was independent of federal law, this Court need not reach such a conclusion as it is clear that even on the merits Petitioner cannot establish that the decision of the Nebraska Court of Appeals was contrary to, or involved an unreasonable application of, *Strickland*.

In his PCM Petitioner did not argue how he was harmed by this juror's seating on his jury. *See* Filing No. 11-8 at 11–14. Indeed, Petitioner did not attempt to allege that but-for this juror's seating on his jury the result of his trial would have been different; instead, he simply argued that he is entitled to a new trial because of the alleged constitutional violation of an out-of-county juror having been seated on his jury. *Id.* at 14. The outcome is no different upon review of his Petition.

In his federal Petition his entire claim is encompassed in a single sentence. *See* Filing No. 1 at 5. The single sentence does not include any attempt to establish that *but for* the deficient performance of counsel, there was a reasonable probability that the

outcome of the case would have been different as required under *Strickland*. And, although Respondent clearly stated his position, Petitioner failed to present any counterargument, failing to reply at all.

On the other hand, the state appellate court performed the appropriate analysis. The court first looked to the constitutionality of the violation at issue, finding that while the inclusion of the juror on the jury may have been a constitutional violation, a claim of a constitutional violation alone relating to "the sanctity of the jury" does not automatically establish prejudice simply because a constitutional error occurred, as many constitutional errors can be harmless. Filing No. 11-4 at 6 (citing *State v. Madren*, 954 N.W.2d 881, 888 (Neb. 2021) (finding that "[b]oth our court and the U.S. Supreme Court have repeatedly recognized that most constitutional errors can be harmless.")). As Petitioner's claim was brought in the context of an ineffective assistance of counsel claim, the court also appropriately applied *Strickland*, finding that in order to succeed Petitioner must plead facts establishing that he was actually prejudiced by the juror being on his jury, via any allegations of juror misconduct or some other connection between that juror's presence on his jury and the outcome of his trial. Filing No. 11-4 at 6.

Ultimately the state appellate court appropriately found that a constitutional error alone does not automatically establish prejudice, and the court reasonably applied *Strickland*'s prejudice prong in concluding that counsel's performance with respect to allowing or failing to move to strike the out-of-county juror from his jury did not constitute ineffective assistance of counsel. As such there is no basis for this Court to find that the decision of the state appellate court was contrary to, or an unreasonable application of, *Strickland* or any other clearly established federal law, nor was it based on an

unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Therefore, Petitioner is not entitled to relief on his sole claim.

## V. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THERFORE ORDERED that the Petition for Writ of Habeas Corpus, Filing No. 1, is denied and dismissed with prejudice. No certificate of appealability has been or will be issued. Judgment will be issued by separate document.

Dated this 4th day of February, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court
